MISSISSIPPI HOME INSURANCE COMPANY v. BEE STEVENS.

[46 South. 245.]

1. INSURANCE. *Fire policy. Vacancy clause. Estoppel.*

A fire insurance company is estopped to deny liability because of
the vacancy of the house when destroyed by fire, where an old
courthouse was by the owner permitted to be used as a school-
house and was insured by him as such, the company, at the time
of the issuance of the policy, knowing that the house was not
occupied at night or during school vacations, and advising that
the vacancy clause of the policy had no reference to courthouses
or schoolhouses.

2. SAME. *Unauthorized uses.*

It is no defense to a suit on a fire insurance policy insuring a school-
house, that prior to the fire one of the trustees of the school
stored some bales of hay therein or that raftsmen occasionally
occupied the house at night, no relation being shown between
either circumstance and the fire.

FROM the circuit court of Perry county.

HON. WILLIAM H. COOK, Judge.

Stevens, appellee, was plaintiff in the court below; the in-
surance company, appellant, was defendant there. From a
judgment in plaintiff's favor defendant appealed to the su-
preme court. The facts are stated in the opinion of the court.

*Hall & Reddock,* for appellant.

It is shown by the record that the agent of the insured at the
time the policy was written expressed to the appellee his opin-
ion regarding the vacancy permit as contained in this policy on

school houses, but the opinion of the agent does not bind the company or estop it from defending on the grounds of non-occupancy of the building and a strict compliance of the written terms of the policy on the part of the appellee. Ostrander on Fire Insurance (2d ed.) 140, Sec. 37; *Home Ins. Co. v. Scales*, 71 Miss. 975, 15 South. 134.

Stevens, the appellee, after having the agent's opinion in respect to the vacancy permit, accepted the written policy. In doing this he merged all contemporaneous agreements into the written instrument. Ostrander on Fire Insurance (2d ed.) 749, § 358; 37 Mich. 613.; 55 N. J. Law 377; 27 Atl. 641; 90 Va. 290; 116 N. Y. 326; 96 U. S. 544.

In the absence of fraud, misrepresentation, or concealment on the part of the agent of insurer, a verbal statement is not binding in the face of the printed stipulation in the policy. It has been held by this court in *Liverpool, etc., Co. v. McGuire*, 52 Miss. 227, that the verbal representation of the agent at the time he effected the insurance was binding on the insurer, but this was where the policy of insurance was silent as to occupancy, an entirely different case from the one at bar. A written contract cannot be waived or controlled by antecedents or contemporaneous agreements. See notes, Ostrander on Fire Insurance (2d ed) 750.

The appellee in this cause is barred from recovering on the additional ground that the hazard was made greater because of the school house having been converted into a hay house. *Western Assurance Co. v. McPike*, 62 Miss. 740; 8 Am. Rep. 600; 66 Am. St. Rep. 698; 73 Am. St. Rep. 122.

*Watkins & Watkins*, for appellee, cited: *Insurance Company v. McGuire*, 52 Miss. 230; *Rivara v. Insurance Company*, 62 Miss. 720; *Mitchell v. Mississippi Home Ins. Company*, 72 Miss. 52, 18 South. 86, 48 Am. St. Rep. 535; *Insurance Company v. Gibson*, 72 Miss. 58, 17 South. 13; *Insurance Company v. Farnsworth Co.*, 72 Miss. 555, 17 South. 445; *Insurance Company v. Stein*, 72 Miss. 943, 18 South. 414; *Insur-*

*ance Company v. Stewart,* (Miss.) 30 South. 755; *American Fire Ins. Co. v. First National Bank et al.,* 73 Miss. 469, 18 South. 931; *Assurance Company v. Phelps,* 77 Miss. 625, 27 South. 745; *Insurance Company v. Randle,* 81 Miss. 720, 33 South. 500; *Insurance Company v. Sheffy,* 71 Miss. 919, 16 South. 307; *Insurance Company. v. Bowdre,* 67 Miss. 620, 7 South. 596, 19 Am. St. Rep. 326; *Milling Company v. Fire Insurance Co.,* 130 Wis. 47, 109 N. W. 937; *Wensel v. Insurance Company,* 129 Iowa, 295, 105 N. W. 522; *District of Doon v. Insurance Co.,* 113 Iowa, 65, 84 N. W. 956; *Blass v. Insurance Company,* 18 App. Div. 481, 46 N. Y. Supp. 392; *England v. Insurance Company,* 81 Wis. 583, 51 N. W. 954, 29 Am. St. Rep. 917; *Fire Ins. Company v. Tilley,* 88 Va. 1024, 14 S. E. 851, 29 Am. St. Rep. 770; *Erb v. Insurance Company,* 99 Iowa, 727, 69 N. W. 261; *Ormsby v. Insurance Company,* 98 Mo. App. 371, 72 S. W. 139; *Insurance Company v. Williams,* 95 Va. 248, 28 S. E. 214; *Insurance Company v. Olmstead,* 21 Mich. 246, 4 Am. Rep. 483.

*Stevens, Stevens & Cook,* on the same side, cited: 19 Cyc. p. 656; 19 Cyc. p. 733, and notes; *American Ins. Co. v. Foster,* 92 Ill. 334, 34 Am. Rep. 134; *Hampton v. Hartford Fire Ins. Co.,* 64 N. J. Law, 265, 47 Atl. 433, 52 L. R. A. 344; *Whitney v. Black River Ins. Co.,* 72 N. Y. 117, 28 Am. Rep. 116; *Sonneborn v. Mfgrs. Ins. Co.,* 44 N. J. Law, 220, 43 Am. Rep. 365; *Caraher v. Royal Ins. Co.,* 63 Hun. 82, 17 N. Y. Supp. 858; *Herrman v. Merchants' Ins. Co.,* 81 N. Y. 184, 37 Am. Rep. 488; *Continental Ins. Co. v. Kyle,* 124 Ind. 132, 24 N. E. 727, 9 L. R. A. 81, 19 Am. St. Rep. 77; *Whitney v. Black River Ins. Co.,* 72 N. Y. 117, 28 Am. Rep. 116; *American Fire Ins. Co. v. Brighton Cotton Mfg. Co.,* 125 Ill. 131, 17 N. N. 771; *Georgia Home Ins. Co. v. Kinnier's Adm'x,* 28 Grat. (Va.) 88; *Georgia Home Ins. Co. v. Allen,* 128 Ala. 451, 30 South. 539; *Insurance Co. v. Gibson,* 72 Miss. 58, 17 South. 13; *Insurance Co. v. Bank,* 73 Miss. 470, 18 South. 931; *In-*

*surance Co. v. Richmond Mica Co.,* 102 Va. 429, 46 S. E. 463, 102 Am. St. Rep. 846; *Insurance Company v. Pitts,* 88 Miss. 587, 41 South. 5, 7 L. R. A. (N. S.) 1036, 117 Am. St. Rep. 756.

CALHOON, J., delivered the opinion of the court.

Stevens bought the old unused court house of the county, was the owner of it, and took out a policy of insurance on it. At the date of the policy the building was used and occupied and insured as a "school house." The agent soliciting the insurance was taken to the house by Stevens, and it was examined by him, and the amount of the premium agreed on. During this conversation the attention of the agent was called to the vacancy clause in the policy of insurance, and he told Stevens that the vacancy clause did not apply in the cases of churches, court houses, and school houses. About two months after the policy was delivered the house was totally consumed by fire.

The insurance company bases its defense on the vacancy clause, and on the fact that certain hay was in the building at the time of the fire, and the fact that on one or two occasions certain raftsmen, when water was high in the river near there, would pass a night in the building. It will be noted that the soliciting agent knew that the building was not occupied at night, and that it would not be occupied during the vacation of the school, and the burning did take place during a vacation. During the vacation the building was in charge of one of the school trustees. He had a store near the building, and did at one time have thirteen bales of hay stored in it; but the hay was thoroughly baled with wire wrapping, and there were only three bales in the building at the time of the fire, and it is shown that the hay had nothing in the world to do with the burning, but that, in fact, it was the last thing in the house to burn. It is true that raftsmen did once or twice use the building at night while the school was being taught, but as soon as attention was called to the fact it was made to cease; and

it is also certain that this occasional night occupancy had nothing to do with the fire.

Under these facts and on the course of decisions of the supreme court of this state referred to by counsel for the appellee,. and citations of the authorities from other states also cited in those briefs, we think it very clear that this case ought to be,. and it is, *affirmed.*